**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4725**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

RICKY GUNTER, a/k/a Veejay Gunter,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  James A. Beaty, Jr.,
Senior District Judge.  (1:14-cr-00053-JAB-1)

Submitted: April 16, 2015          Decided: April 20, 2015

Before AGEE and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Tiffany T. Jefferson,
Assistant Federal Public Defender, Greensboro, North Carolina,
for Appellant. Lisa Blue Boggs, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Gunter appeals from his conviction and 220-month sentence imposed pursuant to his guilty plea to distribution of cocaine base. Gunter's counsel filed an Anders v. California, 386 U.S. 738 (1967) brief, stating that he found no meritorious grounds for appeal but questioning the substantive reasonableness of Gunter's sentence. Gunter filed a pro se brief supplementing counsel's argument and also averring that counsel was ineffective at sentencing. We affirm.

Gunter first contends that his sentence was greater than necessary to accomplish the goals of sentencing. While counsel provides no specific argument, Gunter contends that the district court did not adequately consider the victimless, nonviolent, and low-level nature of his crime. Gunter further asserts that the district court did not adequately take into account the goal of rehabilitation and the overcrowding of prisons.

We review sentences for substantive reasonableness "under a deferential abuse-of-discretion standard," considering the "totality of the circumstances." Gall v. United States, 552 U.S. 38, 41, 51 (2007). If the sentence is within the properly calculated Guidelines range, we presume that the sentence is substantively reasonable. United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013). Because there is a range of permissible outcomes for any given case, an appellate court must

2

resist the temptation to "pick and choose" among possible sentences and rather must "defer to the district court's judgment so long as it falls within the realm of these rationally available choices." United States v. McComb, 519 F.3d 1049, 1053 (10th Cir. 2007).

Here, the district court explicitly determined that Gunter's criminal behavior was serious and that his prior sentences had not deterred him. The court also considered his acceptance of responsibility and desire for rehabilitation. In addition, the presentence report, to which Gunter did not object, described repeated involvement in serious and violent offenses and failed attempts at rehabilitation. Gunter's argument is essentially just a disagreement with the district court's weighing of the statutory factors. Because Gunter has failed to rebut the presumption of reasonableness, we conclude that his sentence is substantively reasonable.

We decline to reach Gunter's claim that counsel was ineffective. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th

3

Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we conclude that this claim should be raised, if at all, in a § 2255 motion.

In accordance with Anders, we have reviewed the entire record in this case and have found no other potentially meritorious grounds for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Gunter, in writing, of his right to petition the Supreme Court of the United States for further review. If Gunter requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gunter. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED